IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RICKEY E. GIBSON and
MELISSA A. WHITESIDE                                                                         PLAINTIFFS

v.                             Case No.  3:16-cv-00057 KGB

BANK OF AMERICA, N.A.                                                                         DEFENDANT

## ORDER

Before the Court is plaintiff Melissa A. Whiteside's motion to proceed *in forma pauperis* and motion to appoint counsel (Dkt. Nos. 1, 5).  Defendant Bank of America, N.A. ("Bank of America"), filed a motion to remand (Dkt. No. 7).  The Court grants Bank of America's motion to remand.  The Court denies as moot Ms. Whiteside's motion to proceed *in forma pauperis* and motion to appoint counsel.  The Court denies as moot defendant Bank of America's motion to strike plaintiffs' response to defendant's motion to remand and to set aside scheduling order (Dkt. No. 12).  The Court denies as moot plaintiffs' motion to refute (Dkt. No. 14).

On September 17, 2014, Ms. Whiteside and plaintiff Rickey E. Gibson filed a complaint against Bank of America in the Circuit Court of Craighead County, Arkansas (Dkt. No. 2).  Bank of America filed its answer on October 22, 2014 (Dkt. No. 2).  On February 22, 2016, Ms. Whiteside and Mr. Gibson petitioned to remove their complaint to this Court (Dkt. No. 2).  Removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir.1990), *cert. denied*, 498 U.S. 1085 (1991); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983)).  Federal jurisdiction can be invoked upon removal only by a defendant.  *See, e.g.*, 28 U.S.C.A. § 1441(a)

("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . ."). A plaintiff cannot remove a state court action even when he or she could have commenced the action in a federal court or has to defend against a counterclaim. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (holding that the plaintiff could not properly remove the state court case to federal court under § 1441). Here, Ms. Whiteside and Mr. Gibson are both plaintiffs and cannot exercise the right of removal that is granted by statute to defendants.

Therefore, this Court grants Bank of America's motion for remand (Dkt. No. 7). Ms. Whiteside's motion to proceed *in forma pauperis* and motion to appoint counsel are denied as moot (Dkt. Nos. 1, 5). The Court denies as moot defendant Bank of America's motion to strike plaintiffs' response to defendant's motion to remand and to set aside scheduling order (Dkt. No. 12). The Court denies as moot plaintiffs' motion to refute (Dkt. No. 14).

It is so ordered this 14th, September, 2016.

_____
Kristine G. Baker
United States District Judge